RECEIVED
DEC 19 2011
DENNIS P IAVARONE, CLERK
US DISTRICT COURT, EDNC

FILED
FEB 29 2012

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Harold Loney, | ) Civil Action No: 7:11-CV-273-F |
|     Plaintiff | ) |
| vs. | ) |
| | ) COMPLAINT FOR DAMAGES AND |
| | )     OTHER RELIEF |
| FIRST SOURCE AVANTAGE, LLC. | )        (Unlawful Debt Collection) |
| | ) JURY TRIAL DEMANDED |
| | ) |
|     Defendant's | ) |

Plaintiff alleges as follows:

## INTRODUCTION

1.   This is an action for damages and injunctive relief under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices act (hereinafter, "FDCPA") as found in U.S.C. §1692-1692p, et. seq.; for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70, et. seq.; and for damages relative to the intentional tort of Intrusion of Seclusion.

## THE PARTIES

2.   Plaintiff, Harold W. Loney, is a natural person that resides in Oak Island, North Carolina

3.   Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. § 1692a(3), and a consumer as defined in N.C. Gen. Stat. §58-70-902(2)

4.   Upon information and belief, Defendant Firstsource Advantage LLC ("FSA") is a business entity located in Amherst, New York.

5.   Defendant ("FSA") is a "debt collector" as defined in 15 U.S.C. 1692A(6), and a "collection agency" as defined in N.C. Gen. Stat. § 58-70-90(1)

6.   Defendant ("FSA") engage in the collection of alleged debts on behalf of third parties in this jurisdiction.

## JURISDICTION

7. Jurisdiction of this court arises under 28 U.S.C. § 1332(a).

8. The Plaintiff and the Defendant are located in different states and the matter in controversy exceeds $75,000.00

9. Jurisdiction of this court concurrently arises under 15 U.S.C. § 1692(d).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant's transact business in this District and all of the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. During or about the period beginning June 01, 2011 thru November 10, 2011, the Defendant placed telephone calls to the Plaintiffs spouse's cellular telephone (704-775-8063), using an automatic telephone dialing system, an artificial prerecorded voice and at times a live person.

12. The Defendant did not obtain express consent from the Plaintiff or Plaintiff's spouse prior to placing the subject calls to the Plaintiff's spouse's cellular phone (704-775-8063).

13. The Defendant did not place the subject telephone calls to the Plaintiff's spouse's telephone for an emergency purpose.

14. The Defendant placed the aforementioned telephone calls to the Plaintiff's spouse's cellular telephone knowingly and/or willfully with an autodialer or an artificial prerecorded voice and at times a live person.

15. On about June 30, 2011, the Plaintiff spoke with the Defendant customer service representative and requested that the Defendant remove the Plaintiff's spouse cellular telephone number (704-775-8063) out of Defendant's automatic telephone dialing system and to stop placing calls to Plaintiff's spouse's cellular phone using an automatic telephone dialing system, an artificial prerecorded voice and at times a live person.

16. During the aforementioned conversation, the Defendant's customer service representative communicated that they would not remove the number out of their automatic telephone dialing system and and that the Plaintiff's spouse would continue to receive autodialed calls and prerecorded messages until Plaintiff paid the alleged debt.

17. After previously requesting that the Defendant's remove the Plaintiff's spouse cellular telephone number from the automatic telephone dialing system, the Defendant's still continued to place calls to the Plaintiff's spouse's cell phone with an autodialer or an artificial or prerecorded voice or at times a live person for the purpose of annoying or harassing the Plaintiff.

18. On or about July 05, 2011, during the conversation with the Defendant's customer service representative the Defendant's statements were false and they were attempting to collect on an account sent to them from Capital One.

19. On or about July 05, 2011, during the conversation with the Defendant's customer service representative the Plaintiff requested information on the alleged debt and requested that the Defendant validate the debt as per the FDCPA & N.C. Gen. Stat.§§ 58-70-145-155 .

20. The Defendant's refused to validate this account. Defendant did discuss this account with a third party.

21. N.C. Gen. Stat. North Carolina Gen. Stat. , Special requirements in actions by collections agencies. Defendant's have violated each statute.

22. The Plaintiff did not agree to make any payments to the Defendant's and neither did the Plaintiff ever make any acknowledgment that the alleged debt the Defendant was attempting to collect on was a valid debt.

23. In numerous instances, Defendant's rely on deceptive and misleading representations to collect debt.

24. In the section 807 of the FDCPA 15 U.S.C. § 45(a) 15 U.S.C. § 1692e. Specially, Defendant's falsely claim that a lawsuit has been or soon will be filed against the consumer to collect the debt.

25. Defendant's violated FDCPA provisions, In numerous instances, in connection with the collection of debts. Defendants engaged in improper communications with third parties, and did not meaningfully disclose their identity during telephone calls with consumers, and fail to notify consumers of their right to dispute and obtain verification of this alleged debt. As detailed below, these actions violate Sections 805(b), 806(6) and 809(a) of the FDCPA, respectively. 15 U.S.C. §§ 1692c(b), 1692d(6), 1692g(a).

26. During or about the period beginning, June 01, 2011 thru November 10, 2011, in its messages left of Plaintiff's spouse's cellular telephone (704)775-8063, the Defendant's failed to disclose that the communications were from a debt collector.

27. During or about the period beginning, June 01, 2011 thru November 10, 2011, at all times with all phone calls from the Defendant's their business name never appeared on the ID caller, every phone call was a spoofing.

28. The Plaintiff's spouse prepays for her cellular telephone minutes from a "bucket of minutes" cell phone plan. The defendants, by placing the subject telephone calls to the Plaintiff's spouse's telephone, caused her to exhaust minutes from her cell phone plan, thereby forcing her to incur costs directly attributable to the subject telephone calls.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

29. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs as though fully set forth herein.

30. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party)using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone assigned to a cellular telephone service.

31. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

32. The TCPA is a strict liability statue.

33. The Defendants placed not less than 50 calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

34. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation and up to $1500.00 per violation.

35. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

36. Plaintiff incorporates by references the allegations contained in the preceding paragraphs as though fully set forth herein.

37. Defendants called Plaintiff's spouse's cellular telephone during the subject time frame leaving messages without disclosing that the communications were from a debt collector in violation of North Carolina Gen. Stat. § 58-70-110(2).

38. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Stat. § 75-1.1.

39. As a result of Defendants violations of the N. C. Gen. Stat. § 58-70-110(2), Plaintiff is entitled to statutory damages in the amount of up to $4000.00 per violations pursuant to North Carolina Gen. Stat. §58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina Gen. Stat. § 75-16.1

40. As a result of Defendant's violations of N. C. Gen.l Stat.§ 58-70-120 and/or N. C. Gen. Stat. § 58-70-95(8)., and/or N.C. Gen. Stat. § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $4,000.00 per violation pursuant to N. C. Gen. Stat. § 58-70-130(b) and reasonable attorney fees in bringing these actions pursuant to N. C. Gen. Stat. § 75-16.1.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NORTH CROLINA DEBT COLLECTION STATUTES

41. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

42. Defendant's falsely represented on whose behalf they were acting and to whom the alleged debt was owed violating N. C. Gen. Stat. § 58-70-110(1).

43. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under N. C. Gen. Stat. §75-1.1.

44. As a result of Defendant's violations of the N. C. Gen. Stat. § 58-70-110(1), Plaintiff is entitled to statutory damages in the amount of up to $4000.00 per violation pursuant to N. C. Gen. Stat. § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to N. C. Gen. Stat. § 75-16.1.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE NORTH CROLINA DEBT COLLECTION STATUTES

45. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

46. After being requested to stop placing calls to Plaintiff's spouse's cellular telephone, the Defendant's continued to place calls to the Plaintiff's cellular telephone, for the purpose of harassment, violating North Carolina Gen. Stat. § 58-70-100(3).

47. As a result of Defendant's violations of the N. C. Gen. Stat. § 58-70-100(3), and/or N. C. Gen. Stat. § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $4000.00 per violation pursuant to N. C. Gen. Stat. § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to No.C. Gen. Stat. § 75-16.1.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE NORTH CROLINA DEBT COLLECTION STATUTES

48. The Defendant's placing calls to the Plaintiff's spouse's cellular telephone without prior express consent using an autodialer or artificial or prerecorded voice in violation of 47 U.S.C. 227(b)(1) is an "unfair or unconscionable means" in debt collection in violation of N.C. Gen. Stat. §75-1.1.

49. As a result of Defendant's violations of the North Carolina Gen. Stat. § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $4000.00 per violation pursuant to N. C. Gen. Stat. § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina Gen. Stat. § 75-16.1.

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF THE NORTH CROLINA DEBT COLLECTION STATUTES

50. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

51. Defendant's communications violated the (F.D.C.P.A.) 15 U.S.C. §§ 1692 et. seq., by:
   a. failing to include the notice that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11)

      b.     causing charges to be made to the Plaintiff's spouse's cellular telephone in the Defendant's attempt to collect a debt or alleged debt in violation of 15 U.S.C. § 1692f(5).
           c.    causing the telephone to ring or engaging any person in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5).
      d.     using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. §1692f.
      e.     using false, deceptive, or misleading representations to Plaintiff in connection with debt collection in violation of 15 U.S.C. § 1692e.
      f.     failing to state the name of the current creditor to whom the alleged debt is owed in violation of 15 U.S.C. § 16952g(a)2.

52.    As a result of Defendant's violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF THE NORTH CROLINA DEBT COLLECTION STATUTES

53.    The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

54.    Intrusion into seclusion has been recognized in North Carolina and is defined as the intentional intrusion "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns...[where] the intrusion would be highly offensive to a reasonable person." Toomer v. Garett, 574 S.E.2d 76 (N.C. App., 2002)

55.    Persistent telephoning is among those kinds of intrusions that have been recognized under this tort, *Id.*

56.    The Defendant intentionally intruded the solitude or seclusion of the Plaintiff by continually harassing the Plaintiff's spouse's with telephone calls several times per day and at all hours of the day.

57.    The calls placed by the Defendants were so persistent, and repeated with such frequency, as to constitute "hounding the Plaintiff and a "substantial burden to her existence" under the Restatement of Torts, Second §652(b), and as such, would be considered highly offensive by a reasonable person.

58.    As a result of the Defendant's intrusion upon the Plaintiff, the Plaintiff is entitled to compensatory damages in an amount to be determined at trial from Defendant.

59.    The acts of the Defendant's were committed with fraud, malice or were willful and wanton misconduct and as such, Plaintiff is entitled to punitive damages from Defendant's under N.C. Gen. Stats. § ID-15 in an amount to be determined at trial from Defendant's.

## 1. EIGHT CAUSE OF ACTION
## VIOLATIONS OF THE NORTH CROLINA DEBT COLLECTION STATUTES

60. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

Defendant's communications violated the (F.D.C.P.A.) 15 U.S.C. §§ 1692 et. seq. By:
    a. failing to include the notice that the communication was from a debt collector in violation of 15 U.S.C. §§ 1692e(11).
    b. causing charges to be made to the Plaintiff's spouse's cellular telephone in the Defendant's attempt to collect a debt or alleged debt in violation of 15 U.S.C. §§1692f(5).
    c. causing the telephone to ring or engaging any person in telephone conversations repeatedly in violation of 15 U.S.C. §§ 1692d(5).
    d. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded artificial voice without the consent of the called party in violation of 15 U.S.C. §§ 1692f.
    e. using false, deceptive or misleading representations to Plaintiff in connection with debt collection in violation of 15 U.S.C. §§ 1692e.
    f. failing to state the name of the current creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692g(a)2.

61. Defendant's violations of 15 U.S.C. §§ 1692 et.seq. (F.D.C.P.A.) constitute acts of "unconscionable or unfair means" in an attempt to collect a debt or alleged debt in violation of North Carolina General Statute §§ 1692g(a)2.

62. As a result of Defendant's violations of the N. C. Gen Statute §§ 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $4000.00 per violation pursuant to N. C. General Statute § 58-70-130(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendants:

1. For $1500.00 per violation of TCPA

2. For $1000.00 for violation of the FDCPA

3. For an order enjoining Defendant's from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

4. For an award of statutory damages of $4000.00 per violation of North Carolina Debt Collection Statutes pursuant to N. C. Gen. Stat. § 58-70-130(b).

5. Costs, and attorney's fees pursuant to N. C. Gen. Stat. §58-70-130(a), N. C. Gen. Stat. § 75-16, 47 U.S.C. 227(b)(3)(C), 15 U.S.C. 1692k(a), and;

6. award such other and further relief as the Court deems just and proper under the circumstances.

DATED: 12-19-11

Harold W. Loney
407 E. Oak Island Dr.
Oak Island, NC 28465
shakerltd@gmail.com

Cellular # 910-294-1001 for settlement purposes only